FRANCISCA SOTOMAYOR, Plaintiff and Appellant, v. SMALLWOOD BROTHERS ET AL., Defendants and Appellees.

No. 7004. Argued March 17, 1937.—Decided March 31, 1937.

*José Veray, Jr.*, for appellant. *Juan Valldejuli* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On February 19, 1932, at about 4:30 p. m., a Ford car belonging to the defendants and driven by Luis Bellaflores, Jr., was going along the public road from Isabela to Aguadilla, while a Packard car travelled in the opposite direction, namely, from Aguadilla to Isabela. Some girls were on the left side of the road, and the plaintiff was among them. In meeting, both cars collided with each other and, as a consequence of that collision, the Packard car deviated towards the place where the plaintiff stood. She was run over and sustained injuries for which she claims damages.

The action of the plaintiff is based on the allegation that the accident was solely and exclusively due to the fault, negligence, and carelessness of Luis Bellaflores, Jr., who drove the Ford car, acting as an employee of the defendant Smallwood Brothers.

The defendants set up in their defense that the accident was not caused by the negligence of their employee, but by the fault and negligence of Gonzalo Aponte, the driver of the Packard car.

After the hearing of the case, the District Court of Aguadilla rendered judgment for the defendants without special imposition of costs. The plaintiff appealed and assigned in her brief the following errors as having been committed by the trial court:

1. In dismissing the complaint on the merits and rendering judgment for the defendants.

2. In allowing the Municipal Judge of Aguadilla to testify and to make reference to the minutes or memorandum taken by him in the criminal action brought against Luis Bellaflores, Jr.

The first error assigned relates to the sufficiency of the evidenc introduced by the plaintiff in support of the theory of her case, and to the alleged erroneous weighing of the evidence by the judge, and in order to decide the same we have made a careful study of the transcript of the evidence.

The testimony of the witnesses for the plaintiff tended to show that a short while before the collision, the Ford car was going slowly, and swerved to the left; that the driver thereof, named Luis Bellaflores, Jr., was riding heedlessly, his attention being directed towards the plaintiff and three other girls who stood at the left, in front of a small store, on the edge of the road; and that as the Ford car approached the place where the girls were, it deviated still more to the left.

The evidence for the defendants tended to show that the driver of the Packard car and his two companions were not in a normal condition due to their having drunk intoxicating liquors; that when meeting the Ford car, the Packard car was traveling at high speed, and that when its driver attempted to deviate it, it struck the Ford car, and the excessive speed caused it to turn to the right, inflicting injuries upon the plaintiff; that both before colliding with the Packard car and at the moment of the collision, the Ford car was going along the right side of the road.

Salvador Planas de Val, a witness for the defendants, testified that he was a partner and a friend of Gonzalo Aponte, the person who was driving the Packard car at the time of the accident; that while he was in Mayagüez on the day of the accident, the witness advised Gonzalo Aponte to hire a chauffeur to drive the car for him because it did not seem advisable that Aponte should continue driving the Packard car in the condition in which he was after having drunk intoxicating liquors, for they had been drinking; that just

before reaching the place where the accident occurred, he noticed that Gonzalo Aponte was not driving the car in a careful manner, as the latter made a series of zigzags after passing him; that when Gonzalo Aponte goes on a tour of the Island, he takes his employee Emiliano Fernández with him to drive the car, for "as a general rule, Aponte likes to tipple after he finishes his work, and he wants to have a reliable man to drive the car for him, and also because he is very nervous while driving on the highway"; that the day in question Emiliano Fernández was as much under the influence of alcohol as Aponte; that he witnessed the accident and saw how the Packard car in making one of the zigzags, clashed against the Ford car which approached in an opposite direction and on its right side.

The trial court adjusted the conflict in the evidence by giving credit to the testimony of the witnesses for the defendants. We are of opinion that the court acted correctly and that the evidence introduced by the defendants was more than sufficient to establish the negligence of the driver of the Packard car as the direct and proximate cause of the accident.

█ The lower court did not commit the second error assigned. It appears from the record that the attorney for the defendants duly laid the foundation for impeaching the testimony of several witnesses for the plaintiff, by asking each of said witnesses whether or not he had testified before the Municipal Judge of Aguadilla to the effect that he had not noticed the accident. And upon the denial of said witnesses that they had made statements before the municipal judge which differed from those which they made at the trial, the attorney for the defendants offered the testimony of Víctor Igartúa, Municipal Judge of Aguadilla, who had conducted an investigation of the accident in his official capacity. When the attorney for the defendants asked him whether he could make a report to the court as to what the witnesses Gaspar A. Gorbea, Emilio Fernández, and Rosa Sotomayor had tes-

tified before him, the municipal judge stated as a witness that in order to recall that, he would have to refer to the memorandum taken by him at the time of the investigation. The court allowed the witness to refresh his memory by reading the memorandum prepared by him in the course of the investigation, and after he had read the same, he testified that the impeached witnesses had testified before him that they had not noticed the accident, and that they did not know the direction in which the driver of the Ford car was looking shortly before the collision.

The generally accepted rule is that memoranda of certain facts, made by a witness, may be used by him to refresh his recollection, even in a case where the witness has no present recollection of the facts, if he recollects that when the memorandum was made he knew it to be true and hence can swear that it was correctly made. See 22 C. J. 893, sec. 1091.

In the instant case the memorandum made by the municipal judge was not offered in evidence. The witness was only allowed to read the same so as to refresh his recollection, and in allowing that, the court did not commit any error.

The judgment appealed from must be affirmed.